**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| RACHEL MENDOZA, Individually and For Others Similarly Situated,<br><br>v.<br><br>GENTLE SHEPHERD HOME CARE, LLC. | **Case No. ____________**<br><br>Jury Trial Demanded<br><br>FLSA Collective Action Pursuant to 29 U.S.C. § 216(b) |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

## SUMMARY

1. Plaintiff Rachel Mendoza (Mendoza) brings this class and collective action lawsuit to recover unpaid overtime wages and other damages from Gentle Shepherd Home Care, LLC (Gentle Shepherd).

2. Mendoza worked for Gentle Shepherd as a live-in caregiver from approximately October 2024 to March 2025.

3. Like the other Day Rate Workers, Gentle Shepherd regularly worked more than 40 hours a workweek.

4. But Gentle Shepherd never paid Mendoza and the other Day Rate Workers overtime.

5. Instead, Gentle Shepherd paid Mendoza and the other Day Rate Workers a flat amount for each day worked (a "day rate") without overtime compensation.

6. Gentle Shepherd's uniform day rate pay scheme violates the Fair Labor Standards Act (FLSA) 29 U.S.C. §§ 201, *et seq.*, and the North Carolina Wage and Hour Act (NCWHA), O N.C. Gen. Stat. Ann. §§ 95-25.1, *et seq.*, by depriving Mendoza and the other Day Rate Workers of overtime pay when they work more than 40 hours in a workweek.

7. The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The NCWHA claims are brought as a class action pursuant to Fed. R. Civ. P. 23.

## JURISDICTION & VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA, 29 U.S.C. § 216(b).

9. This Court has general personal jurisdiction over Gentle Shepherd because maintains its headquarters in North Carolina.

10. The Court also has supplemental jurisdiction over the state law claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

11. Venue is proper because Gentle Shepherd maintains its headquarters in this District and Division. 28 U.S.C. § 1391(b)(1).

## PARTIES

12. Mendoza worked for Gentle Shepherd as a live-in caregiver from approximately October 2024 to March 2025.

13. Throughout her employment, Gentle Shepherd paid Mendoza a daily rate, regardless of hours worked that workday or workweek, and failed to pay her overtime ("day rate pay scheme").

14. Mendoza's written consent is attached as **Exhibit 1**.

15. Mendoza brings this action on behalf of herself and all other similarly situated Day Rate Workers who were paid under its illegal day rate pay scheme.

16. Gentle Shepherd paid each of these workers a flat amount for each day worked and failed to pay them overtime when they worked more than 40 hours in a workweek in violation of the FLSA.

17. The FLSA collective of similarly situated employees is defined as:

> **All current and former Gentle Shepherd caregivers who were paid a day rate and no overtime at any time during the past 3 years ("FLSA Collective").**

18. Second, Mendoza represents a class of similarly situated workers under the North Carolina Wage and Hour Act pursuant to Federal Rule of Civil Procedure 23.

19. The North Carolina Wage and Hour Act Class is defined as:

> **All current and former Gentle Shepherd caregivers who were paid a day rate and no overtime at any time during the past 2 years in North Carolina ("North Carolina Class").**

20. Together, the FLSA Collective and North Carolina Class is defined as the Day Rate Workers or Putative Class Members.

21. The Day Rate Workers can be readily ascertained from Gentle Shepherd's business and personnel records.

22. Gentle Shepherd limited liability company that maintains its headquarters in Charlotte, North Carolina.

23. Gentle Shepherd may be served with process by serving its registered agent**: United States Corporation Agents, Inc**., 8604 Cliff Cameron Dr, Suite 144 Charlotte, NC 28269.

## COVERAGE UNDER THE FLSA

24. At all relevant times, Gentle Shepherd was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25. At all relevant times, Gentle Shepherd was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

26. At all relevant times, Gentle Shepherd has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

27. At all relevant times, Gentle Shepherd has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials including tools, equipment, cell phones, personal protective equipment, etc. that have been moved in or produced for commerce.

28. In each of the past 3 years, Gentle Shepherd has had and has an annual gross volume of sales made or business done of not less than $500,000.

29. At all relevant times, Mendoza and the Day Rate Workers were engaged in commerce or in the production of goods for commerce.

30. Gentle Shepherd uniformly applied its policy of paying its Caregivers, including Mendoza and the other Day Rate Workers, a day rate and no overtime compensation.

31. Gentle Shepherd applied this policy regardless of any alleged individualized factors such as precise job position, client/project assignment, or geographic location.

32. As a result of Gentle Shepherd's uniform day rate pay scheme, Mendoza and the Day Rate Workers do not receive overtime in violation of the FLSA.

33. Gentle Shepherd's uniform compensation scheme of paying Mendoza and the Day Rate Workers a day rate with no overtime wages during workweeks in which these employees work in excess of 40 hours violates the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTS

34. Gentle Shepherd is a home care company that provides caregiving services to clients

35. To fulfill its business objectives, Gentle Shepherd hires Caregivers (including Mendoza and the other Day Rate Workers) to provide caregiving and domestic services to its clients.

36. Gentle Shepherd uniformly pays its Caregivers, including Mendoza and the Day Rate Workers, on a day rate basis (without overtime pay).

37. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

38. For example, Mendoza specifically worked for Gentle Shepherd as a live-in caregiver from approximately October 2024 to March 2025.

39. Mendoza worked day and night, including evenings and weekends, and was on-call at

all times.

40. Gentle Shepherd uniformly pays Mendoza and the Day Rate Workers under its illegal day rate pay scheme that deprives them of overtime compensation during workweeks in which they work in excess of 40 hours.

41. Gentle Shepherd never paid Mendoza overtime wages at one and one-half times her regular rate of pay for hours worked in excess of 40 in a workweek as required by the FLSA and NCWHA.

42. Gentle Shepherd does not pay Mendoza and the Day Rate Workers a guaranteed salary.

43. Rather, Gentle Shepherd only pays Mendoza and the Day Rate Workers their set day rates for the actual days they work.

44. If Mendoza and the Day Rate Workers do not work, they do not get paid.

45. Gentle Shepherd pays Mendoza and the Day Rate Workers on a day rate basis (without overtime).

46. Mendoza and the Day Rate Workers' Day rates do not increase when they work more than 40 hours in a workweek.

47. Mendoza and the Day Rate Workers do not receive overtime compensation when they work more than 40 hours in a workweek.

48. Gentle Shepherd and the Day Rate Workers worked for over 80 hours in a workweek, and Gentle Shepherd never pays them overtime wages.

49. Gentle Shepherd and the Day Rate Workers work in accordance with the schedule set by Gentle Shepherd.

50. Gentle Shepherd's records reflect the fact that Mendoza and the Day Rate Workers regularly work in excess of 40 hours in certain workweeks.

51. Rather than receiving time and half as required by the FLSA and NCWHA, Gentle Shepherd pays Mendoza, and the Day Rate Workers a day rate regardless of the number of hours they

work in a day or workweek, and even when they work more than 40 hours in a workweek.

52. All of the Day Rate Workers perform similar job duties, work similar hours, and are denied overtime as a result of the same illegal pay practice.

53. As a Caregivers, all of the Day Rate Workers' primary job duties included providing caregiving services.

54. All of the Day Rate Workers work in excess of 40 hours each week and sometimes work 84+ hours in a workweek.

55. Gentle Shepherd uniformly denies Mendoza and the Day Rate Workers overtime for the hours they work more than 40 hours in a workweek.

56. Gentle Shepherd's policy of paying Mendoza and the Day Rate Workers a day rate with no overtime compensation violates the FLSA and NCWHA because it deprives Mendoza and the Day Rate Workers of overtime compensation for the hours they work in excess of 40 hours in a workweek.

## Class and Collective Action Allegations

57. Mendoza realleges and incorporates all other paragraphs by reference.

58. Mendoza brings her claim as a collective action under § 216(b) of the FLSA.

59. Mendoza brings her claim as a class action under the NCWHA.

60. Numerous individuals were victimized by Gentle Shepherd's pattern, practice, and policy of paying its Caregivers, including Mendoza and the Day Rate Workers, a day rate with no overtime for hours worked in excess of 40 in a workweek, which is in willful violation of the FLSA.

61. Numerous other Day Rate Workers worked with Mendoza and indicated they were paid in the same manner (a day rate with no overtime) and performed similar work.

62. Based on her experience and tenure with Gentle Shepherd, Mendoza is aware that that the illegal practices imposed on him were likewise imposed on the Day Rate Workers.

63. The Day Rate Workers are similarly situated in all relevant respects.

64. Gentle Shepherd's failure to pay Mendoza and the Day Rate Workers overtime wages at the premium rates required by the FLSA and NCWHA results from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Day Rate Workers.

65. Even if their precise job duties and locations might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime compensation.

66. Therefore, the specific job titles or precise job locations of the various members of the Putative Collective do not prevent collective treatment.

67. Rather, the Putative Collective is held together by Gentle Shepherd's uniform illegal day rate pay scheme that systematically deprives Mendoza and the Day Rate Workers of overtime wages when they work in excess of 40 hours in a workweek.

68. Mendoza has no interest contrary to, or in conflict with, the Day Rate Workers.

69. Like each Day Rate Worker, Mendoza has an interest in obtaining the unpaid overtime wages owed to them under federal law.

70. Absent this collective action, many Day Rate Workers likely will not obtain redress for their injuries, and Gentle Shepherd will reap the unjust benefits of violating the FLSA.

71. Even if some of the Day Rate Workers could afford individual litigation against Gentle Shepherd, it would be unduly burdensome to the judicial system.

72. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the Day Rate Workers and provide for judicial consistency.

73. Mendoza and the Day Rate Workers sustained damages arising out of Gentle Shepherd's illegal and uniform employment policies and practices.

74. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts.

75. Therefore, the issue of damages does not preclude collective treatment.

76. Gentle Shepherd is liable under the FLSA and NCWHA for failing to pay overtime to Mendoza and the Day Rate Workers.

77. Consistent with Gentle Shepherd's illegal pay policy, Mendoza and the Day Rate Workers are not paid the required premium overtime compensation when they worked more than 40 hours in a workweek.

78. As part of its regular business practices, Gentle Shepherd intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and NCWHA with respect to Mendoza and the Day Rate Workers.

79. Gentle Shepherd's illegal day rate pay scheme deprived Mendoza and the Day Rate Workers of the premium overtime wages they are owed under federal law.

80. There are many similarly situated Day Rate Workers who have been denied overtime in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

81. Notice of this lawsuit should be sent to the Day Rate Workers pursuant to 29 U.S.C. § 216(b).

82. Those similarly situated workers (the Day Rate Workers) are known to Gentle Shepherd, are readily identifiable, and can be located through Gentle Shepherd's business and personnel records.

## Cause of Action One
## Failure to Pay Overtime Wages Under the FLSA
## (Collective Action)

83. Mendoza realleges and incorporates all other paragraphs by reference.

84. Mendoza brings her FLSA claims as a collective action on behalf of herself and the other Day Date Workers pursuant to 29 U.S.C. § 216(b).

85. Gentle Shepherd violated, and is violating, the FLSA by employing non-exempt

employees (Mendoza and the other Day Rate Workers) in a covered enterprise for workweeks longer than 40 hours without paying them overtime wages at rates not less than 1.5 times their regular rates of pay for the hours worked in excess of 40 a workweek.

86. Gentle Shepherd's unlawful conduct harmed Mendoza and the other Day Rate Workers by depriving them of the overtime wages they are owed.

87. Accordingly, Gentle Shepherd owes Mendoza and the other Day Rate Workers the difference between the rate actually paid and the proper overtime rate.

88. Because Gentle Shepherd knew, or showed reckless disregard for whether, its day rate pay scheme violated the FLSA, Gentle Shepherd owes Mendoza and the other Day Rate Workers these wages for at least the past 3 years.

89. Gentle Shepherd is also liable to Mendoza and the other Day Rate Workers for an amount equal to all their unpaid wages as liquidated damages.

90. Finally, Mendoza and the other Day Rate Workers are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## CAUSE OF ACTION TWO
## FAILURE TO PAY OVERTIME WAGES UNDER THE NCWHA
## (CLASS ACTION)

91. Mendoza realleges and incorporates all other paragraphs by reference.

92. Mendoza brings her NCWHA claims as a collective action on behalf of herself and the other Day Date Workers pursuant to N.C. Gen. Stat. § 95-25.6.

93. Gentle Shepherd violated, and is violating, the NCWHA by employing non-exempt employees (Mendoza and the other Day Rate Workers) in a covered enterprise for workweeks longer than 40 hours without paying them overtime wages at rates not less than 1.5 times their regular rates of pay for the hours worked in excess of 40 a workweek.

94. Gentle Shepherd's unlawful conduct harmed Mendoza and the other Day Rate Workers by depriving them of the overtime wages they are owed.

95. Accordingly, Gentle Shepherd owes Mendoza and the other Day Rate Workers the difference between the rate actually paid and the proper overtime rate.

96. Gentle Shepherd is also liable to Mendoza and the other Day Rate Workers for an amount equal to all their unpaid wages as liquidated damages.

97. Finally, Mendoza and the other Day Rate Workers are entitled to recover all reasonable attorney's fees and costs incurred in this action. N.C. Gen. Stat. § 95-25.6, 95.25.22(a), (a1), and (d).

## JURY DEMAND

98. Mendoza demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Mendoza individually, and on behalf of the Day Rate Workers, seeks the following relief:

a. An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the Day Rate Workers allowing them to join this action by filing their written consent;

b. In accordance with Rule 23 of the Federal Rules of Civil Procedure, designation of this action as a North Carolina Wage and Hour Act class action on behalf of Mendoza and all members of the North Carolina Class;

c. Designating Mendoza to act as class representative on behalf of all similarly situated employees for both the FLSA Collective and the North Carolina Class;

d. An Order pursuant to Section 16(b) of the FLSA finding Gentle Shepherd liable for unpaid back wages due to Mendoza and the Day Rate Workers plus liquidated damages in an amount equal to their unpaid wages;

e. A Judgment against Gentle Shepherd awarding Mendoza and the Day Rate Workers all their unpaid overtime and other damages available under the FLSA

and NCWHA;

f. An Order awarding attorney's fees, costs, and expenses;

g. Pre- and post-judgment interest at the highest applicable rates; and

h. Such other and further relief as may be necessary and appropriate

Date: June 22, 2026

Respectfully submitted,

By: */s/ Carl A. Fitz*
**Carl A. Fitz***
Tex. Bar No. 24105863
**FITZ LAW PLLC**
3730 Kirby Drive, Ste. 1200
Houston, Texas 77098
Tel.: (713) 766-4000
Email: carl@fitz.legal
**Pending admission pro hac vice*

**AND**

*/s/ Bert Miano*
Bert J. Miano
Miano Law PC
301 South McDowell Street
Suite 125 – Box 1352
Charlotte, NC 28204
Phone: (704) 275-7199
Fax: (704) 630-7199
Email: bmiano@mianolaw.com
**Local Civil Rule 83.1(d) Attorney for Plaintiff**

**ATTORNEYS FOR MENDOZA & THE DAY RATE WORKERS**